Filed 1/26/24  P. v. Taylor CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B324559 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. MA072867 |
| v. | |
| ISAAC WILLIAM TAYLOR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, and Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Isaac William Taylor appeals a resentencing order. We affirm.

Statutory citations are to the Penal Code.

When he was 54 years old, Taylor approached David Ho on a sidewalk and told Ho to look down. Taylor was holding a gun at waist level. Taylor told Ho to move back a short distance into an alley and demanded Ho's wallet. Ho surrendered the wallet. Taylor said, "[T]here better be money [in the wallet] or you're going to die tonight." (*People v. Taylor* (2020) 43 Cal.App.5th 1102, 1104–1105 (*Taylor*).)

According to his probation report, police found Taylor shortly after the robbery and found a gun nearby. The gun had six rounds in the magazine and a round in the chamber. During his resentencing and in his appellate briefs, Taylor has not contested this information about his loaded gun.

A jury convicted Taylor of robbery and kidnapping for robbery and found he had used a handgun. Taylor admitted a prior serious felony conviction that also qualified as a strike. The trial court originally sentenced him to 29 years to life in prison for kidnapping and 25 years for robbery.

This is Taylor's third appeal.

In the first appeal, we reversed the kidnapping for robbery conviction. (*Taylor*, *supra*, 43 Cal.App.5th at p. 1105.) The trial court then resentenced Taylor to 25 years in prison: the upper term of five years for robbery, doubled due to a prior strike, plus 15 years for the firearm and prior serious felony enhancements.

In the second appeal, we remanded for resentencing due to an ameliorative sentencing law. (*People v. Taylor* (May 5, 2022, B307932) [nonpub. opn.].)

2

At resentencing, defense counsel asked the court to strike the prior serious felony enhancement and to reduce or stay the gun enhancement. Counsel argued Taylor's criminal history was remote and largely for drug offenses; he had substance abuse disorder; he was almost 60 years old and in poor health; he experienced trauma as a child; and he had made positive changes while in prison for the robbery of Ho.

The court resentenced Taylor to 16 years in prison: the middle term of three years for robbery, doubled due to the prior strike, plus 10 years for the firearm enhancement. The court struck the prior serious felony enhancement.

The court explained its reasoning. It struck the prior serious felony enhancement due to Taylor's age and medical history. It imposed the 10-year firearm enhancement based on the facts of the robbery, which included a loaded gun and significant risk to the victim.

The court also discussed Taylor's criminal history. The prosecution presented four relevant documents: a certified "California rap sheet," a certified "F.B.I. C.L.E.T.S. rap sheet," and two certified records of conviction from Nevada. The court admitted these documents without objection from Taylor's counsel. The court found the convictions listed in the exhibits to be true and found Taylor's convictions were numerous and increasingly serious.

The court found that reducing Taylor's sentence would endanger public safety: it "may very well result in physical injury or serious danger to others."

In this third and present appeal, Taylor challenges the 16-year sentence. Specifically, he argues the court abused its discretion by imposing the 10-year firearm enhancement.

3

We affirm because imposition of the enhancement was reasonable given the nature of the robbery and Taylor's extensive criminal history.

Section 1385, subdivision (c)(1) now requires courts to dismiss enhancements if it is in the furtherance of justice to do so. The law lists nine mitigating circumstances, including if a case has multiple enhancements or if the current offense is connected to mental illness. (*Id.*, subd. (c)(2)(B) & (D).) Proof of one or more circumstances weighs greatly in favor of dismissing the enhancement unless dismissal would endanger public safety. (*Id.*, subd. (c)(2).) Endanger public safety means a likelihood the dismissal would result in physical injury or serious danger to others. (*Ibid.*)

The trial court did not abuse its discretion by finding dismissal of the firearm enhancement would endanger public safety. The facts of the robbery support the finding. Taylor held a gun. It was loaded with several rounds, including a round in the chamber. He gratuitously threatened death to Ho. The dangerousness and callousness of this robbery made it more likely Taylor would endanger public safety without the enhancement.

Taylor's criminal history bolsters the finding. The four documents the court admitted with Taylor's records of conviction are not in our appellate record. Neither party addresses this omission. Based on Taylor's probation report and reporters' transcripts in which the parties discussed Taylor's criminal history, Taylor had several convictions for possession or sale of drugs in the 1980s, a 1984 conviction for vehicle theft, a 1992 conviction for possession of a controlled substance and attempted coercion, a 1994 conviction for robbery for which Taylor received

4

a 12-year sentence, and a Nevada conditional release violation that Taylor admitted in 2011. The trial court was correct that Taylor's convictions were numerous and his present conviction was the most serious. Based on this pattern, the court did not abuse its discretion by finding Taylor was likely to endanger public safety without the enhancement.

On appeal, Taylor emphasizes mitigating factors including his age, health, and substance use disorder, but the trial court properly heard and considered these points. The court lowered Taylor's sentence to a middle term and struck one enhancement, thereby shortening Taylor's sentence by nine years. The court appropriately exercised its discretion.

Taylor's strike is not an enhancement under section 1385, so there were not multiple enhancements. Taylor's opening brief says his strike and firearm enhancement constituted multiple enhancements and all but one of them should be dismissed under section 1385, subdivision (c)(2)(B). He says his strike was an enhancement based on one statement in a Senate bill analysis: "Sentence enhancements are not elements of the crime, they are additional circumstances that increase the penalty, or time served, of the underlying crime." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 81 (2021–2022 Reg. Sess.) as amended Aug. 30, 2021, p. 2.) The prosecution responds by citing *People v. Burke* (2023) 89 Cal.App.5th 237, 243–244, which held that section 1385, subdivision (c) does not apply to the Three Strikes law. Taylor does not address this issue in his reply. The recent case *People v. Olay* (2023) 98 Cal.App.5th 60 came to the same conclusion as *Burke* and comprehensively analyzed the statute's text and legislative history. (*Id.* at pp. 67–69.) We agree with *Burke* and

*Olay*'s holding.  Taylor's strike was not an enhancement under section 1385, so the provision about multiple enhancements did not apply.

DISPOSITION

The order is affirmed.


WILEY, J.


We concur:


STRATTON, P. J.


GRIMES, J.